De Valcourt and others v. Marsh and others. De Blanc v. Mouton, Sheriff.

ly passed upon and settled in that suit with much less inconvenience and trouble. 3 Rob. 48. Civil Code, arts. 1304, 1272, 1281.

*Judgment affirmed.*

---

JOHN DE VALCOURT and others *v.* JONAS MARSH and others.

APPEAL from the District Court of St. Martin, *King*, J.
*I. E. Morse* and *Magill*, for the appellants.
*Voorhies*, for the defendants.

MORPHY J. This case cannot be distinguished from that of John C. Marsh against the same defendants, just decided, and must receive the same decision, on the grounds therein set forth.

*Judgment affirmed.*

---

EUPHEMIE DE BLANC *v.* EDMOND MOUTON, Sheriff.

In an action by a wife against her husband for a separation of property, a judgment was entered by consent, pronouncing the separation and settling the claims of the wife, and reciting that it is further agreed that the plaintiff shall confess judgment in favor of certain persons, not parties to the suit, for the amounts claimed by them in suits in the Parish Court of the parish, and assume to pay the same. An injunction having been sued out against a *fi. fa.* obtained by the parties in whose favor the stipulation was made: *Held,* that the clause in the judgment did not authorize the issuing of a *fi. fa.,* and that it can be viewed only as a *stipulation pour autrui,* of which, if valid, the parties in whose favor it was made can take advantage only by an action against the plaintiff. C. P. 35.

APPEAL from the District Court of Lafayette, *Boyce*, J.
MORPHY, J. Euphemie De Blanc, the present plaintiff, brought against her husband, Alfred De Blanc, an action for a separation of property, in which one Derbes, a creditor of her husband,

intervened, contesting her rights and the legality of an injunction she had sued out to arrest his proceedings against the property of her said husband. In this suit a judgment appears to have been entered up, by consent of counsel, dissolving the injunction, pronouncing the separation of property prayed for, and allowing the plaintiff the sum of $3,200, and a slave named Aspasie, whom she had claimed as her separate property. After thus settling the rights and claims of the wife, the judgment proceeds thus : "By consent of parties, it is further agreed, that the plaintiff in said case confesses judgment in favor of Camors and Decuir, and Faisans and Borda, for the amount claimed by them in said suits, Nos. ———— of the Parish Court of said parish, summer term, 1842, and assumes the payment of the same." Under this judgment, to which they were not parties, Camors and Decuir, and Faisans and Borda took out executions against the plaintiff; and the sheriff of the parish of Lafayette seized a slave belonging to the plaintiff, which he was proceeding to sell when he was enjoined. Camors and Decuir, and Faisans and Borda intervened, averring that their execution had legally issued, and praying for the dissolution of the injunction, with damages. There was a judgment below dissolving the plaintiff's injunction, and decreeing her, and her surety on the bond to pay twenty dollars as special damages, and the costs. The plaintiff appealed.

The record does not well account for the singularity of the judgment under which the appellees have thought themselves authorized to take out executions against the plaintiff. From what we can gather from the transcript, and the remarks of the counsel who argued this case, it seems that certain objections, which could have been urged against the evidence she adduced in support of her claims, were waived by the counsel of the intervenor Derbes, on condition that she should assume to pay the sums claimed by Camors and Decuir, and Faisans and Borda, who were the clients of the said counsel in other suits he had brought against her husband. The judge, in our opinion, erred, in considering this clause in the judgment of separation as authorizing the issuing of a *fieri facias*. It mentions no special amount, and is in favor of persons who were not parties

to the suit. It can, at most, be viewed only in the light of a *stipulation pour autrui*, of which, if valid under the accompanying circumstances, the parties in whose favor it is made, can take advantage in a regular suit against the plaintiff. Code of Practice, art. 35.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that the injunction originally granted be reinstated and made perpetual; the costs in both courts to be borne by the intervenors and appellants, reserving to them their rights, if any they have, under the above recited clause in the judgment of separation obtained by the plaintiff.

*Crow* and *Porter*, for the appellant.

*Niven*, for the defendant.